Davis, J.,
delivered the opinion of the court:
The trial of this cause developed conflicting interests in regard to .the ownership of the vessel. The representatives of James Jarvis claim that they present the record title, and therefore the court should make an award to his administrator and should not decide as to conflicting equities which can after-wards be settled in another forum. On the other hand, it is contended that the vessel was the property of Charles Platt Rogers and Thomas Vermilyea, partners doing business under the name of Charles P. Rogers & Co., and that Jarvis only had color of-title. A third claim, made on behalf of the estate of Yermilyea alone, has not been pressed.
It appeared in the course of the trial that counsel for Jarvis’s estate had in his possession papers of some kind relating in some way to the ship Ganges, which he had not placed in evidence. The character of these papers did nob appear, nor was it known whether they were competent as evidence, or material, or of value. Thereupon counsel for the firm of Rogers & Co. moved that an order be entered directing counsel for Jarvis’s estate to produce the papers for his inspection. November 28, 1888, the following order was entered:
“ The motion submitted yesterday on behalf of the claimant for the production of certain papers herein was overruled, and the court, of its own motion, directed the entry of the following order:
“Ordered, That in case No. 3900, J. B. Van Wagenen, administrator, v. The United States, that said Yan Wagenen and his' counsel produce all papers in their x>ossession having relation to the ship Ganges, its cargo, and voyage.”
It will be noticed that no date was fixed in the order for the production of the papers, and, as they were not produced, the following order was entered February 18,1889 :
*112 “ Whereas, on the 28th day of November, 1888, the court entered of record the following order, to wit:
“The motion submitted yesterday on behalf of the claimants for the production of certaiu papers herein was overruled, and the court of its own motion directed the entry of the following order:
“ Ordered, That in case No. 3900 of J. B. Van Wagenen, administrator, v. The United States, that said Van Wagenen and his counsel produce all the papers in their possession having relation to the ship Ganges, the cargo, and voyage.
“And whereas a reasonable time has elapsed and said order has not been complied with, it is now further
“Ordered by the court, That said parties comply with said order and file all the papers therein referred to or depbsit them in the clerk’s office on or before March 5, 1889.
“ The clerk will send a copy of said order to Lawrence Lewis, jr., esq., by mail.”
February 28,1889, the papers were received by the clerk, of the court, accompanied by the following notice from the attorney for Van Wagenen, Jarvis’s administrator:
“And now, February 28, 1889, comes Lawrence Lewis, jr.,. counsel for the plaintiff in the above case, and moves the court for an order, directed to the clerk, that the papers filed this day in the above case be not submitted to the inspection or examination of any person or persons until the further order of the court in the premises.”
March C, 1889, the attorney for Rogers and Vermilyea made the following motion:
“And now comes the claimant, Richard -B. Brown, administrator, in the above-entitled cause. No. 2961, and moves the court that an order be entered allowing the attorney for said claimant to inspect and copy or make extracts from the papers, deposited February 28, 1889, with the clerk of this court; by the attorney for the claimant, John B. Van Wagenen, administrator, under orders of this court, entered November 28,1888,. and February 14, 1889.”
The court have not acted upon either of these motions, and the papers have been in the possession of the court ■ and have been inspected only by them.
It is understood that these papers, if of value, relate to the title to the vessel, which counsel for Van Wagenen contend is not here a material issue, as they have proved, it is alleged, a record title.
*113 This court have held as to conflicting interests (Buchanan, administrator, et al., v. United States, 24 C. Cls. R., 74):
“Into this labyrinth of unknown andunascertainablerights and equities the court has not attempted to enter. What it has endeavored to do is to ascertain' the person in whom the legal title and custody exist; that is to say, the legal representative who in an ordinary suit at law or proceeding in equity would be deemed the proper party to maintain an action for the recovery of similar assets of the original claimants.”
In that case there was presented a question - as to the effect of a deed of trust, and the opinion thus concluded :
“ Therefore the court will not by a summary order dismiss the case, but on the contrary will spread all of the facts relating to the title upon the record ami submit them to the consideration of Congress.” (Ibid., p. S4.)
In the cases at bar sufficient has been shown as to the conflicting interests of these claimants and as to the transactions in relation to the alleged sale of the vessel on her last voyage, to put this court upon inquiry, so that all the facts may go before Congress for such action as that body may deem best for the public interest and the interest of the parties directly concerned. We do not enter judgments in these cases, and do not “assume to determine vfliat persons are legally or equitably entitled to receive the money which Congress may hereafter appropriate for the discharge of these claims; ” but we do intend to lay before Congress all facts which in onr opinion are material to the questions to be decided by that body.
We can not admit as correct the contention of Van Wage-nen’s counsel, that having shown a record title nothing further need be produced to sustain his position. The record title in this case is attacked, and while we shall not decide conflicting equities, we believe it our duty to give Congress all information attainable as to the facts which may possibly disclose equities having weight with that body, and which may control the form of the appropriation should Congress decide to make any payment on account of the loss of the G-anges. It may be that the papers now produced are material and important to this result. As to this the court expresses no opinion. We have at the request of counsel made some examination of them, but we shall not rule upon their competency or materiality or value in advance of argument thereon by all parties in interest.
*114 The wish of Yan Wagenen’s counsel to secure the documents from examination by his opponent is probably due to the fact that litigation may ensue in another forum between the parties now before this court should a recovery be had for the loss of the Ganges, and, contending that all evidence is immaterial here which looks to equities behiud the strict record title, he reserves his client’s legal rights in any future proceedings elsewhere, either in law or in equity, in relation to the same subject-matter.
However tenable this position may be in an ordinary litigation, it must always be remembered that there is a most material difference between the spoliation cases and actions at law.
As far aspossible we try to assimilate the proceedings in these cases to the doctrines of the common law; but if the common-law rules of evidence were applied with technical strictness it would not be possible to investigate these claims in the spirit contemplated by the jurisdictional statute or to accomplish the result intended by the Congress.
So many years have passed since the occurrences now complained of took place, that, through no fault of claimants, court and counsel have been much embarrassed as to the competency and value of many documents presented here in support of the claims and which from the nature of the cases constitute the best evidence now to be obtained. These documents, which common-law rules of evidence might exclude from our consideration, we admit under the clause of the statute, which provides that—
“ In the course of their proceedings they [the court] shall receive all suitable testimony on oath or affirmation, and all other proper evidence historic and documentary concerning the same.”
Discussing this provision the court said in Hollbrook’s Case :
“ Hor is a general rule of evidence necessary to be announced in advance for the protection of either party’s rights, as it is to be assumed that each side will, in any event, in cases of this nature produce all the evidence attainable.” (21 C. Cls. R., p. 443).
Much liberality has been allowed to claimants in the admission of evidence, and not only the defendants but also this court have a right to expect from them all the light which it is possible to throw upon the facts of each case. The court must *115 insist upon having laid before them all the evidence in the possession of either party, that Congress may receive a full statement upon which to base their final decision. Amid the technically inadmissible testimony which still is “ suitable,” and evidence technically incompetent but still, in these cases, “ proper,” the court will decide, in the light of argument of counsel, what part is material and what part is of sufficient weight to merit consideration for the development of facts which the Congress should know.
The Governments of the United States and of France have laid open their archives freely to plaintiffs’ inspection, and common justice demands that on their side plaintiffs keep back nothing of value to the defense or which may be of aid to the Congress. The same frankness and liberality which have marked the course of the defendants and of the Government of France in opening the doors of their record offices to claimants may most properly be expected of plaintiffs having in their possession evidence of value in the' determination of the complaints arising from this historic controversy. The fact that counsel desire to hold back papers would in itself ordinarily be regarded as a suspicious circumstance. Such a sus • picion, however, does not arise in this case, as the papers have been placed in the court’s possession for examination.
Counsel have not pointed out anything in the papers now before us of a personal, private, or confidential nature, and which may not be properly examined by opposing counsel. We do not say that the documents are of value or that they are competent, but we do hold that counsel for Kogers and Yermilyea and counsel for the Government are entitled to examine them in this proceeding.
While we have thus outlined the general spirit which should characterize the proceedings in spoliation claims we must not be understood as deciding more than is presented in the specific eases now before us. On the one side there is now set up an alleged record title to the ship; on the other an alleged equitable title ; the holder of the alleged record title has in his possession papers which it is believed may aid in the development of the exact facts of the transaction in issue; both parties are appealing to the Government for relief, and before granting that relief the Government may demand full information as to the rights of the conflicting claimants between themselves in so far as it is within the power of the claimants to furnish it.
*116 The following order is directed to be entered:
Tbe papers deposited in court February 28,1889, by Lawrence Lewis, jr., esq., are deposited with the clerk of the court to be by him held and not to be inspected except as hereinafter-provided. It is further directed that counsel for all the plaintiffs in tbe claims arising from the alleged loss of the ship Ganges as well as counsel for defendants, be permitted to examine these papers in the presence of the clerk upon Friday, January’ 31, at 12 o’clock, noon. Any papers deemed by either counsel material to the issues before this court will be set aside- and preserved by the clerk until after a hearing by the court upon the competency and relevancy of these papers as evidence, and the other papers will be by the clerk returned to. the counsel for Van Wagenen, administrator.
The cases relating to the ship Ganges are remanded to the general spoliation claims docket, and a new trial therein is ordered.
The clerk will send a copy of this order to the attorney of record in the said cases by mail, and to the Assistant Attorney-General charged with the defense of the Government in this-court.